**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Thomas Bilodeau,            ) | |
|                                                          ) | C/A No.  2:12-1298-CMC-BHH |
| Plaintiff,            ) | |
|                                                          ) | |
| v.            ) | **OPINION AND ORDER** |
|                                                          ) | |
| Carolyn W. Colvin,            ) | |
| Acting Commissioner of Social Security            ) | |
| Administration,[1]            ) | |
|                                                          ) | |
| Defendant.            ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB").  Plaintiff appealed pursuant to 42 U.S.C. § 405(g).  The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on June 18, 2013, recommends that the decision of the Commissioner be affirmed.  Dkt. No. 16.  On July 1, 2013, Plaintiff filed objections to the Report.  Dkt. No. 17.  On July 18, 2013, the Commissioner filed a response to Plaintiff's objections.  Dkt. No. 19.  For reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013.  As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."  42 U.S.C. § 405(g).  For ease, the court refers to the Acting Commissioner as the Commissioner.

1

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**DISCUSSION**

The Magistrate Judge recommends that the court affirm the Commissioner's decision because it is supported by substantial evidence. Plaintiff objects to the Report, arguing that the Magistrate Judge did not correctly address his argument that the ALJ failed to apply SSR 85-15. Plaintiff appears to argue that, because the ALJ found that Plaintiff "could adapt to changes if they were infrequent and gradually introduced," the ALJ should have found Plaintiff disabled pursuant to SSR 85-15.

Social Security Ruling 85-15 ("SSR 85-15") sets forth the process for determining whether a claimant is disabled where the claimant, like Plaintiff, has only non-exertional impairments that are not of listing-level severity. Plaintiff highlights a portion of SSR 85-15, which states:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

SSR 85-15. Plaintiff argues that the ALJ found a "substantial loss" in Plaintiff's ability "(on a sustained basis) . . . to deal with changes in a routine work setting." Plaintiff contends that the ALJ, therefore, should have found Plaintiff disabled.

As the Report explains, the ALJ did not find that Plaintiff has a "substantial loss" of his ability "to deal with changes in a routine setting." Report at 8-9. Instead, the ALJ found that Plaintiff "could adapt to changes if they were infrequent and gradually introduced." Tr. 26. Plaintiff has cited no authority indicating that the ALJ's finding on Plaintiff's ability to adapt to changes in the workplace requires a finding of disability. Neither does the plain language of SSR 85-15 suggest

that the ALJ erred in finding that Plaintiff is not disabled. Rather, as required by SSR 85-15, the ALJ presented to a vocational expert ("VE") a hypothetical that included a person who "could adapt to changes if they were infrequent and gradually introduced." Based on the hypothetical, the VE identified three jobs that a person with those limitations could perform: kitchen helper, packager, and sorter. Tr. 31. Plaintiff's counsel neither challenged the qualifications of the VE during the hearing nor questioned the ALJ about whether the identified jobs accommodated for infrequent and gradually introduced change.

The court, therefore, rejects Plaintiff's objection as to SSR 85-15. Reviewing the remainder of the Report for clear error and finding none, the court adopts and incorporates the Report by reference.[2] The decision of the Commissioner is affirmed.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 25, 2013

---

[2] Plaintiff alleged that the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The Report found no error in the VE's testimony or any conflict with the DOT. It is unclear from Plaintiff's objections whether he also objects to this portion of the Report. *See* Dkt. No. 17 at 2 ("Plaintiff submits that a restriction or limitation to deal with infrequent changes only if introduced gradually conflicts with the term unskilled work as used in the DOT."). To the extent Plaintiff does object, that objection is rejected because Plaintiff has yet to identify a conflict between the VE's testimony and the DOT or cite any authority that a person with his RFC cannot perform the jobs identified by the VE.

4